IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0193-13






MANLEY DEWAYNE JOHNSON, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Cochran, J., filed a concurring opinion.


 I join the Court's opinion. I write separately only to suggest that if a defendant has
legitimate concerns about the correct imposition or amount of court costs, his issue is best
addressed on direct appeal while he has an attorney and the necessary documents are easily
created, reviewed, and, if necessary, revised. Furthermore, appellate courts may order an
abatement to the trial court to address evidentiary sufficiency or financial ability issues in an
appropriate case.

 Thus, if the record does not already contain a bill of costs that lists out the various
mandatory and discretionary assessments, the conscientious attorney will ask for its
preparation and inclusion in the appellate record. He can then review the various
components to ensure that each item is, in fact, properly entered (1) and that the total cost is a
correct sum of its constituent parts. In the vast majority of cases that we have recently
reviewed, the court costs have been correctly computed and entered, but there have been
occasional errors which could be easily repaired if the mistake is pointed out early in the
process. Furthermore, if the appellate attorney gives his client a copy of the itemized bill of
costs, the defendant will not be surprised when county officials begin collection efforts under
Chapter 103 of the Code of Criminal Procedure. (2)

 With these comments, I join the Court's opinion.

Filed: February 26, 2014

Publish 









1. Some "mandatory" costs are only for certain types of cases, yet some cost bills have
included those "mandatory" costs in other types of cases. 
2. Although a defendant may file a motion requesting a correction of costs under Article
103.008, this procedure is, at best, clumsy and difficult. As the Court correctly notes, a bill of
costs filed with the appellate record "is the most expedient, and therefore, preferable method" of
informing the defendant of the court costs assessed and of correcting them if necessary. Majority
op. at 17.